## WELCH v. GANT.

(Division B. Jan. 4, 1932.)

[138 So. 585. No. 29688.]

**Ross R. Barnett** and **E. L. Shelton,** both of Jackson, for appellant.

F. E. Leach, of Carthage, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellant, L. E. Welch, brought this action of replevin in the circuit court of Leake county against appellee, M. B. Gant, to recover possession of an automobile described as "Buick automobile '28 model, brougham master six." At the close of the evidence the court directed a verdict for the appellee, and judgment was entered accordingly, from which judgment appellant prosecutes this appeal.

Appellant sold to Dr. K. Ozborn the Buick automobile involved; the latter made a cash payment on the agreed price of the automobile, leaving a balance due of two hundred dollars, for which he gave his promissory note as follows: "5 Months 10 days after date, for value received I as principal, promise to pay L. E. Welch or bearer, Two Hundred and no Dollars, at Leake county bank, Carthage, Mississippi. With interest at the rate of 8 per cent. per annum, after date, until paid, agreeing to pay all expenses incurred by suit or otherwise, in

attempting the collection of this note, including reasonable attorney's fees. The drawers and endorsers severally waive presentation for payment, protest and notice of protest and nonpayment of this note, and all defenses on the ground of any extension of time of its payment that may be given by the bank is hereby authorized, at any time, to apply any money on deposit or otherwise to the makers or endorsers or either of them, to the payment of this note. On Buick Auto 28 model brougham master 6.''

Later Dr. Ozborn sold the car to the Jackson Motor Car Company, and that concern, in turn, sold it to appellee.

Appellant's case is that, when he sold the car to Dr. Ozborn, he reserved the title until the balance of the purchase money was paid; and that the language at the bottom of the note, ''On Buick Auto 28 model brougham master 6,'' was intended by the parties to evidence that agreement; and, under the decisions of this court, holding that a reservation of title (even verbal) to personal property by the seller as security for the purchase money is good against a bona fide purchaser without notice (the evidence for appellant tending to establish that fact), he was entitled to have the jury pass on the question. Appellant introduced parol evidence to that effect which was ruled out by the court on the ground that parol evidence was not admissible to vary or add to the terms of the note which evidenced the transaction between the parties.

The evidence showed, without conflict, that both the Jackson Motor Car Company and appellee were bona fide purchasers for value without notice of the fact that appellant had reserved the title to the car until it was paid for, when he sold it to Dr. Ozborn.

The question is whether or not the language in the note, ''On Buick Auto 28 model brougham master 6,'' is ambiguous in its meaning. If it is, under the law

parol evidence was permissible to make plain its meaning. On the other hand, if there is no ambiguity, parol evidence was not permissible, because the parties are presumed to have embodied in the note the entire terms of the contract.

Among the definitions of "on" laid down by Webster's New International Dictionary are, "indicating a basis or ground of action;" "in reference or relation to, with respect to;" "for on account."

We are of opinion that the language in question is without ambiguity; that the ordinary mind would at once construe it as a statement of the consideration for the note, as it was, in fact. As stated, the note was given for the balance of the purchase money due on the Buick automobile, and that is exactly what the language in question, construed with the balance of the language of the note, means. To permit parol evidence to show that the parties meant by this language that the title to the automobile was to be retained in the seller until paid for would be adding to the contract a provision it did not contain; and this cannot be done where there is no ambiguity in the contract.

Affirmed.